J-S08040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CORY ROGERS | : | |
| | : | |
| Appellant | : | No. 1187 WDA 2016 |

Appeal from the PCRA Order July 13, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0001584-2001

BEFORE:   GANTMAN, P.J., FORD ELLIOTT, P.J.E., and SOLANO, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED FEBRUARY 9, 2017**

Appellant, Cory Rogers, appeals from the order entered in the Erie County Court of Common Pleas, denying his petition for collateral relief, per the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  We affirm and grant counsel's petition to withdraw.

From 1997 to 2001, while victim was between the ages of 8 and 12 and Appellant was between the ages of 25 and 29, Appellant on several occasions performed various sexual acts on victim.  On September 7, 2001, Appellant pled guilty to one count of aggravated indecent assault, two counts of involuntary deviate sexual intercourse, four counts of indecent assault, four counts of indecent exposure, and five counts of corruption of minors.  The court sentenced Appellant *in absentia* on October 17, 2001, to an aggregate term of 20 to 40 years' imprisonment.  On October 24, 2001,

Appellant filed a post-sentence motion for a sentence reduction, which the court denied on the following day. This Court affirmed the judgment of sentence on July 7, 2002. Appellant did not seek further review.

Appellant filed his current PCRA petition on March 4, 2016. The court appointed counsel on March 24, 2016, who filed a petition to withdraw and an accompanying "no merit" letter on April 15, 2016.[1] On April 27, 2016, the court denied counsel's petition to withdraw. The court issued Pa.R.Crim.P. 907 notice on June 16, 2016. On June 30, 2016, Appellant filed a *pro se* response to the court's Rule 907 notice, objecting to counsel's petition to withdraw and requesting a sentence reduction. On July 13, 2016, the court denied Appellant relief and dismissed his PCRA petition. Appellant timely filed a counseled notice of appeal on August 10, 2016. The court ordered Appellant on August 18, 2016, to file a Pa.R.A.P. 1925(b) statement. On September 9, 2016, counsel filed a statement of intent to file a "no merit" brief on appeal, per Rule 1925(c)(4). Counsel subsequently filed with this Court a petition to withdraw representation and a brief, designated as a brief under **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).[2]

_____

[1] **See Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[2] In the context of a PCRA petition and request to withdraw, the appropriate filing is a "no-merit" letter/brief. **See Turner, supra**; **Finley, supra**. **But**
(Footnote Continued Next Page)

As a prefatory matter, we address whether counsel has complied with the requirements of **Turner**/**Finley**. "Before an attorney can be permitted to withdraw from representing a petitioner **under the PCRA**, Pennsylvania law requires counsel to file and obtain approval of a 'no-merit' letter pursuant to the mandates of **Turner**/**Finley**." **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003) (emphasis in original).

> [C]ounsel must…submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and petition to withdraw and advise the petitioner of his right to proceed *pro se* or with new counsel. **Id.**

Instantly, counsel filed a **Turner**/**Finley** brief on appeal (notwithstanding its designation as an **Anders** brief) and a petition to withdraw as counsel. Counsel listed the issues Appellant wished to raise and explained why the issues merit no relief. Counsel has indicated that he sent

*(Footnote Continued)* _____

see **Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004), *appeal denied*, 584 Pa. 691, 882 A.2d 477 (2005) (stating Superior Court can accept **Anders** brief in *lieu* of **Turner**/**Finley** letter, where PCRA counsel seeks to withdraw on PCRA appeal). Instantly, counsel designated the brief on appeal as an **Anders** brief. While the brief has some attributes of an **Anders** brief, it is largely a **Turner**/**Finley** brief and will be treated as one.

Appellant a copy of the brief, a copy of the petition to withdraw, and a letter advising Appellant of his right to proceed *pro se* or with private counsel. Thus, counsel has substantially complied with the **Turner**/**Finley** requirements. **See Karanicolas, supra**. Accordingly, we proceed to an independent evaluation. **See Turner, supra** at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous).

Appellant raises one issue for our review:

> [WHETHER THE TRIAL COURT PROPERLY DISMISSED APPELLANT'S PCRA PETITION AS UNTIMELY?]

(Appellant's Brief at 1-4).

Appellant claims he is serving an illegal sentence, relying on the United States Supreme Court decisions **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), **Montgomery v. Louisiana**, ___ U.S. ___, 136 S.Ct. 718, 193 L.Ed.2d 599 (filed January 25, 2016, and revised on January 27, 2016), and **Alleyne v. U.S.**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) as the bases for exceptions to the PCRA timeliness requirements as well as for substantive PCRA relief. Counsel nevertheless observes that Appellant's judgment of sentence became final in 2002, whereas Appellant filed his PCRA petition in 2016. Counsel concludes Appellant's petition was untimely and does not qualify for any of the PCRA timeliness exceptions. We agree.

The timeliness of a PCRA petition is a jurisdictional requisite.

- 4 -

*Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after a petitioner's sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). To invoke an exception, the petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), requires the petitioner to "prove that there is a 'new' constitutional right and that the right 'has been

held' by that court to apply retroactively." ***Commonwealth v. Chambers***, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on Tuesday, August 6, 2002, upon expiration of the time to file a petition for allowance of appeal with our Supreme Court. ***See*** Pa.R.A.P. 1113. Appellant filed his current PCRA petition on March 4, 2016, over 13 years later; thus, the petition is patently untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar by citing the U.S. Supreme Court's decision in ***Alleyne, supra***. The Pennsylvania Supreme Court, however, has declared that the rule announced in ***Alleyne*** does not apply retroactively. ***See Commonwealth v. Washington***, ___ Pa. ___, 142 A.3d 810 (2016) (holding ***Alleyne*** does not apply retroactively on collateral review to challenge mandatory minimum sentence as "illegal"). ***See also Commonwealth v. Miller***, 102 A.3d 988 (Pa.Super. 2014) (holding that even if ***Alleyne*** announced new

constitutional right, neither our Supreme Court nor U.S. Supreme Court has held that **Alleyne** applies retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA). Therefore, Appellant's petition remains time barred, and the PCRA court lacked jurisdiction to review it. **See Hackett, supra**; **Gamboa-Taylor, supra**.

Additionally, Appellant relies on **Miller, supra** (ruling unconstitutional mandatory life imprisonment without possibility of parole sentences for juvenile offenders) and **Montgomery, supra** (holding **Miller** applies retroactively to cases on collateral review), for the proposition that Appellant is serving an illegal sentence. Although Appellant correctly observes that mandatory life sentences without the possibility of parole for juvenile offenders are unconstitutional under **Montgomery**/**Miller**, Appellant was neither a juvenile at the time he committed the offenses nor sentenced to life imprisonment without the possibility of parole. Therefore, Appellant also is not entitled to relief under **Montgomery**/**Miller**. Based on the foregoing, we affirm the order denying PCRA relief and grant counsel's petition to withdraw.

Order affirmed; petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2017